IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAREN LEAGUE, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:13-cv-177 |
| BEV J. OLDS, JOHN DOE, TATE ELLIET, and ROLAND MARTIR, | ) Judge Sharp |
|     Defendants. | ) |

### ORDER

Before the Court is plaintiff Karen League's Application to Proceed in District Court without Prepaying Fees and Costs (ECF No. 2). As it appears from the plaintiff's submission that she lacks sufficient financial resources from which to pay in advance the full fee required for the filing of a complaint, the application is **GRANTED** and the Clerk is **DIRECTED** to file the plaintiff's complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

Having granted the plaintiff's application to proceed as a pauper, the Court must conduct an initial review of the complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). In reviewing the complaint, the Court must construe the *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In this case, the plaintiff purports to bring claims for violations of federal law, including 42 U.S.C. § 1983, 18 U.S.C. § 1961 *et seq.*, 15 U.S.C. § 1601 and 12 C.F.R. § 226, as well as state-law claims. The factual allegations in the complaint, however, even if presumed to be true, fail to show that the plaintiff has any viable federal claim. In the absence of a colorable federal claim over which the Court has original jurisdiction, the Court lacks supplemental jurisdiction over the plaintiff's state-law claims under 28 U.S.C. § 1367. Nor does the Court have diversity jurisdiction over those claims under 28 U.S.C. § 1332.

Accordingly, the federal claims are **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted, and the state-law claims are **DISMISSED** for lack of jurisdiction, without prejudice to the plaintiff's ability to bring such claims in state court.

This action is **DISMISSED IN ITS ENTIRETY** under 28 U.S.C. § 1915(e)(2).

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge